# Horowitz and Horowitz *v.* Dobrin, Appellant.

*Vendor—Vendee—Contract for sale of business—Guarantee of sales—Weekly amount of receipts—Case for jury.*

On the trial of an interpleader to determine title to a sum of money left with brokers, it appeared that the plaintiffs had entered into an agreement with defendants to sell them a house and cigar store. By the terms of the agreement it was provided that the "party of the first part hereby guarantees the weekly receipts of about $300 and further agrees to give party of the second part one week's trial in the said store to be convinced that the above guarantee is correct, otherwise the said sale is void. The said trial to begin Saturday, September 29, 1923."

The evidence established that the receipts for the week, exclusive of a Saturday afternoon, amounted to $267.54; it was also proved that the usual receipts for a Saturday afternoon were $25.

Under such circumstances the case was for the jury.

It was error, however, to affirm a point that if the jury found from the evidence that $267 was about $300 according to the intention of the parties then the verdict must be for the plaintiffs.

The agreement having provided that the defendant must be "convinced" as to the extent of the business, and the good faith of the receipts having been questioned, the instructions were too broad and constituted reversible error.

Argued November 12, 1924.   Appeal, No. 189, Oct. T., 1924, by defendant, from judgment of Municipal Court of Philadelphia, Nov. T., 1923, No. 483, on verdict for plaintiffs in the case of Nathan Horowitz and Sarah Horowitz v. Morris Dobrin, substituted defendant.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Interpleader to determine title to a deposit left with brokers.   Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff and judgment thereon.   Defendant appealed.

*Errors assigned* were the charge of the court, answers to points and refusal to withdraw a juror on account of remarks of counsel.

*Joseph Gross,* for appellant.

*Harry J. Gerber,* for appellees.

OPINION BY GAWTHROP, J., February 27, 1925:

This is an interpleader suit between the vendors (plaintiffs) and the purchaser (defendant) of a business to determine the title to a deposit of $1,000 left with the brokers pending the outcome of the trial.

On September 29, 1923, plaintiffs entered into a written agreement to sell their house and cigar store to the defendant.   By the terms of the agreement it was provided, inter alia, "that the party of the first part hereby guarantees the weekly receipts of about $300, and

further agrees to give party of the second part one week's trial in the said store to be convinced that the above guarantee is correct; otherwise, the said sale is void. Trial to begin Saturday, September 29, 1923." The defendant deposited $1,000 with the brokers who negotiated the deal, to be forfeited as liquidated damages in case of the default by the defendant in the performance of the terms of the agreement. Immediately after signing the agreement, defendant went to the store and remained in and conducted it until some time in the following Saturday, October 6, 1923, at which time the cash register showed receipts totaling $267.54 for the period during which the defendant conducted the store. Nathan Horowitz, one of the plaintiffs, testified that the defendant took charge of the store at about five o'clock on September 29th, and that on the following Saturday at about eleven o'clock they closed the store and the cash register contained money in the amount of $267.54; that the defendant said at that time "everything is all right ......Shapiro and Dorman (the brokers) will come and they will give you the deposit and next Saturday, a week later, they will give you another thousand." He testified further that the receipts in the store on a Saturday afternoon usually amount to $25. Defendant testified that he took charge of the store between one and two o'clock on Saturday, September 29th, and conducted it until the next Saturday at three o'clock; that at about two o'clock on the second Saturday the receipts amounted to $267.54; that a number of the sales made during the week were to the children of the plaintiffs and to friends of plaintiffs; and that it appeared to him that these sales were not to bona fide customers. The case was tried under an agreement that the issue as to whether or not plaintiffs were entitled to the deposit of $1,000 should be submitted to a jury. The verdict was for plaintiffs.

From our examination of the record, we are satisfied that the case was for the jury. It follows that the second

and third assignments of error complaining of the refusal of defendant's point for binding instructions and
of the overruling for his motion for judgment n. o. v.
cannot be sustained.   Nor is there any merit in the first
assignment which charges error in the refusal of the
trial judge to withdraw a juror because of an alleged remark made by counsel for the plaintiffs to the jury that
the plaintiff "was tied down by a broker."   If the remark
was sufficiently prejudicial to the defendant to require
the withdrawal of a juror (but we think it was not) the
statement was not brought upon the record in the manner required by familiar decisions.   Therefore, the assignment must be dismissed.

The other assignments of error are based upon exceptions to the charge of the court and the answers to certain of plaintiff's points.   A reading of the general
charge has convinced us that it is not only free from
error, but that it fairly and clearly presented the issue
which the jury was called upon to decide.   But we are
constrained to hold that the fourth assignment of error
complaining of the affirmance of the plaintiff's fourth
point amounted to prejudicial error.   The point was:
"If you find from the evidence that $267 was 'about $300'
according to the intention of the parties, then your verdict must be for the plaintiff."   The jury had previously
been instructed that if from the evidence that the receipts on Saturday afternoon would have been $25 and
that $267.54 was received before that time, they were
satisfied that defendant should have been convinced
that the weekly receipts were about $300, plaintiffs
were entitled to recover.   The affirmance of this point
permitted the jury to decide the case on the answer to
the question: "Is $265 about $300?" and destroyed the
effect of the general charge.   It may well be that the
jury found that $267 was within a reasonable approximation of $300 and felt bound in view of the affirmance
of that point to render a verdict for plaintiffs, although they were not satisfied that the amount of the

29, (1925).]          Opinion of the Court.

sales, and the circumstances under which they were made, were sufficient to require defendant to be convinced that the weekly receipts of the store were about $300.

All of the other assignments are overruled, the judgment is reversed and a new trial is granted.